## TAX COMMISSION v EAVEY et

Ohio Appeals, 2nd Dist; Greene Co

No 420.  Decided May 15, 1936

D. K. Larrimer, Columbus, and W. H. Middleton, Jr., Columbus, for plaintiff in error.

Miller & Finney, Xenia, for defendants in error.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on proceedings in error from

the judgment of the Court of Common Pleas of Greene County, Ohio.

The cause originated in the Probate Court of Greene County and, after judgment, was appealed to the Common Pleas Court, in which latter court the decision was the same as in the court of origin.

Nellie E. Jobe died testate on the 19th day of February, 1933. On June 21, 1929 Nellie E. Jobe assigned and transferred to her brother, H. E. Eavey, 181 shares of the stock of the Eavey Company, of the value of $100.00 per share.

It is the contention of the Tax Commission that this was a gift, made in contemplation of death, but not intended to take effect in possession or enjoyment until after death, and by reason thereof that the value is subject to inheritance tax, under the provisions of §5332, GC.

On the other hand, counsel for Mr. H. E. Eavey make the contention that there was a consideration for the transfer; that such transfer was not made in contemplation of death and that the transfer of said stock was made without any quaifications or limitations, and that the title passed absolutely at the time of the transfer in 1929.

The following brief summary of facts will render understandable the controversy and the manner in which the same arises:

Prior to June 21, 1929, Nellie E. Jobe, formerly Nellie E. Schuster, was the owner of 181 shares of the capital stock of the Eavey Company, of Xenia, Ohio. The certificate of stock was originally issued to her in January, 1919. She made transfer thereof to her brother, H. E. Eavey, on June 21, 1929, at which time and at all times subsequent said stock had a value of $100.00 per share. The certificate of stock was introduced in evidence and is attached to the bill of exceptions as Exceptors' Exhibit 1. The certificate contained on the back the usual printed form for transfer, and this was filled out in all its blanks and signed by Nellie E. Jobe on June 21, 1929 in the presence of Leroy Hinshaw and Henry E. Eavey. The transfer upon its face and under its language is without qualifications or limitations, and is such as to pass and transfer absolute title to H. E. Eavey.

There is introduced in evidence, as Exceptors' Exhibit 2, a written agreement, under the same date, between H. E. Eavey and others and Nellie E. Jobe, among other things providing that Nellie E. Jobe shall receive all the dividends paid and declared upon said stock by said company during her lifetime.

The others mentioned in the contract and signing same with Mr. H. E. Eavey are members of his family and they, in effect, become guarantors, as well as obligors, that in the event H. E. Eavey shall predecease his sister, Nellie E. Jobe, the remaining members of the family will carry out the provisions of the contract as to the payment of dividends, so long as she may live.

The claimed consideration for the transfer of the said certificate calling for 181 shares of stock, consisted of a monthly allowance of $100.00 or more that Mr. Eavey had made to his sister for a great number of years, totaling more than $15,000.00, and the continuing payment of this amount until her decease.

The State makes the claim, on behalf of the Tax Commission, that the evidence supporting such payments does not disclose anything more than a moral obligation. While not denying the fact that the payments were made during the period of years, yet it is strenuously urged that they were voluntary gifts made by Mr. Eavey to his sister without making a charge against her or ever considering it a debt or obligation against the sister.

The portion of the section of the Code pertinent to this inquiry reads as follows:

"Sec 5332 GC. Property on which tax levied. A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following cases:

1. * * *

2. * * *

3. When the succession is to property from a resident, or to property within this state from a non-resident, by deed, grant, sale, assignment or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property.

(a) In contemplation of the death of the grantor, vendor, assignor, or donor, or

(b) Intended to take effect in possession or enjoyment at or after such death."

Sec 5332-2 GC is also pertinent to the present inquiry and so much thereof as is requisite is herein set forth verbatim:

"Sec 5332-2 GC. Transfer of property to avoid tax. Any transfer of property from a resident or of property within this state from a non-resident, if shown to have been made without a valuable consideration substantially equivalent in money or money's

worth to the full value of such property, if so made within two years prior to the death of the transferror, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title."

The portion of the statute last quoted prescribes a rule of proof, but since under the facts in the instant case ▮▮▮▮▮▮ the transfer which was made more than two years preceding the death of Mrs. Jobe, the presumption provided for under the statute will not attach.

Analyzing the above quoted portions of §5332 GC, we ascertain that under the clear unambiguous language, gifts of property are only taxable when made

(a) in contemplation of the death of the grantor, vendor, assignor, or donor, or

(b) intended to take effect in possession or enjoyment at or after such death.

In other words, gifts may be made without subjecting the donee to the payment of succession taxes, unless such gift comes under the provisions (a) or (b), above quoted. If such gift is with- ▮▮▮▮▮▮ in a period of two years preceding the death of the donor, a presumption arises that such gift falls under (a) or (b) and the donee must rebut such presumption by competent evidence. If the gift is made more than two years preceding the death of the donor, no presumption arises and the obligation then rests upon the Tax Commission to prove that such gifts fall under the provisions of (a) or (b).

The case of **Tax Commission v Parker, 117 Oh St 215**, is very illuminating and determinative of one phase of the issue presented. The question involved in the reported case was whether or not the gift was made in contemplation of death, so as to bring the same within the provisions of paragraph (a). Syllabus 4 reads as follows:

"4. The controlling fact in determining whether a transferor made the transfer of property in contemplation of death is whether the purpose of the transferor was to distribute or partially distribute his estate, or was simply to do an act of generosity or kindness."

Under the facts in the instant case, in the light of the reasoning of the Supreme Court in the cited case, we have no difficulty in arriving at the conclusion that the transfer by Mrs. Jobe of the certificate of stock to her brother, Mr. ▮▮▮▮▮▮ Eavey, was not made in contemplation of death, but, on the contrary, if not based on a full and adequate legal obligation, was based upon a moral obligation of such magnitude that it would surpass generosity and kindness.

We also refer to the case of **In the Matter of the Estate of Elizabeth W. Donnell, deceased, 28 N.P. (N.S.), 211.** This was a decision by Judge Duncan, of the Court of Common Pleas of Hancock County, Ohio. The note appended under the syllabus states that the decision was affirmed by the Court of Appeals and that motion to certify was overruled. This is a splendid decision, made by a splendid jurist. It quotes from and follows the case of Tax Commission v Parker, supra.

The next question for consideration is whether or not the transfer was of such a character as to bring the same under subheading (b): "Intended to take effect in possession or enjoyment at or after such death."

As heretofore stated, the assignment of the stock certificate was absolute, and on its face the corpus passed without qualification or limitation. The pertinent query is whether or not the contract created a trust whereby the transfer was not absolute. We are unable to conclude that the lower courts were in error in their determination that the tax lien did not attach. Under the law the burden is upon the state to prove its contention, unassisted by any presumption. The case of **Sherman v Tax Commission, 125 Oh St 367**, is cited by counsel for the state. This case is helpful, but we do not think it sustains the position of the Tax Commission. Under the facts of the reported case it was clearly disclosed that a trust was created and the interest retained in the corpus of the property by the donor so long as she lived. In the instant case the contract in no sense changes or modifies an absolute, unqualified, unlimited transfer of the stock certificates. All the contract does is to provide the amount that Mr. Eavey is to pay to his sister, Mrs. Jobe, so long as she lives. The fact that this stipulated amount is the dividends on the stock from year to year does not alter the legal effect. The legal effect is the same as though he had agreed to pay a sum certain or fixed installments.

We recognize that this construction in some instances might enable individuals to make some arrangement as a pure subterfuge, in order to defeat the payment of

**554**

taxes. The answer to this claim, if made, is that in the instant case the evidence is overwhelmingly against any attempt to defeat the payment of just taxes. Throughout the record it is clearly discernible that Mrs. Jobe was appreciative of what her brother had done for her and he, in turn, was super-generous.

If necessary to a determination of this case, although not free from doubt, we are inclined to the view that the transfer was supported by a valuable consideration, equivalent to the full value of the property. This is true where it is sought to question the executed contract collaterally, as in the instant case.

There is also presented in the case the question of a tax charge against Mr. Perfect in a very small amount. This covered a transfer of stock in a corporation located in Indiana. It has some features not in common with the transfer made to Mr. Eavey. However, we think the features that are identical will support the same conclusion.

The petition in error will be dismissed at costs of plaintiff in error. Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.